## CHANDLER v. THE STATE.

1. CONTRACT TO BUILD BRIDGE: *When performed by building levee.*
   Chandler had a charter from the County Court to build a bridge, and
   charge certain tolls for crossing it. He built the bridge and it was
   swept away by the current in high water. This was repeated several
   times; and finding that a wooden bridge for the whole distance
   (345 feet) would not stand, he built a strong and sufficient turnpike
   of earth and rock for most of the distance, and bridged the balance,
   about ten feet; which, together, answered all the purposes of the
   bridge. *Held:* That the structure was a substantial compliance with
   the contract to build the bridge—the essential purposes of the grant
   were accomplished—and he had not forfeited his charter.

APPEAL from *Montgomery* Circuit Court.

HON. J. M. SMITH, Circuit Judge.

*U. M. Rose* for appellant :

### STATEMENT.

This was a proceeding in the Circuit Court of Montgomery
county, in the nature of a *quo warranto*, prosecuted in the
name of the State by the prosecuting attorney of the judicial
circuit, by authority of the Attorney General, to vacate the
appellant's charter for a toll bridge, and seize his franchise
to the State. The petition alleges, in substance, that the
county court of the county had before then granted to
appellant a charter to build a toll bridge along the east
side of the Caddo river, at the Caddo Gap Narrows, on the
Arkadelphia and Mt. Ida road. That the bridge erected
there by the appellant had been washed away, and he had
never rebuilt it ; but instead, had erected a small structure
about ten feet long over a narrow drain, and was continuing

to exact from the traveling public exorbitant tolls for cross-ing it.   That it was not such a bridge as was required by the charter, but was a gross imposition upon the traveling public, was of no public utility, but to the contrary an obstruction to public travel, and should be abolished. The appellant answered, that at the point at which the bridge was located, the Caddo river passes through a nar-row gap, between almost perpendicular mountain cliffs of rock, and the road runs through said gap on the north side of the river at the foot of the bluffs, and just above the edge of the water.   That at the time the charter was granted the road was far below the high water mark, and was subject to frequent overflows, and frequently impassable.   That in pursuance of the charter, he had, at great expense, built a substantial wooden bridge, 345 feet long, along said bank through said narrows, and the great force of the current, in high water, had swept it away.   He had, at great expense, rebuilt it six times, and it had every time been carried away by the current.   That finding that no wooden bridge would withstand the current in a sudden rise of the river, he had excavated a portion of the bluff, and filled up the space of 335 feet occupied by the bridge, with a good, solid and sub-stantial embankment and turnpike of solid rock and earth, entirely above overflow, leaving a space of about ten feet to be filled by a bridge, in which he had built, and constantly kept in good order and repair, a substantial and sufficient bridge, and had at great expense kept said turnpike in good order and repair.   He denies that said bridge is an im-position, and asserted that without it the road would be impassable much of the year.   The turnpike is as safe, solid and substantial, as any part of the road in the county.   He had taken no toll from any citizen of the county, and none from any other not authorized by the charter.

A demurrer was sustained to this answer and the appellant appealed.

HARRISON, J. As *section* 640 of *Gantt's Digest*, which made it the duty of the county court to require owners of toll bridges to give bond and security for the performance of their obligations to the public, had been, by the act of March 6, 1875, repealed, when the writ was sued out, the failure before the repeal, to give bond as ordered by the board of supervisors, was thereby waived.

We may remark here, that the order of the board of supervisors, from which the appeal was taken, in the case of *Chandler* v. *Montgomery county*, 31 *Ark.*, 25, in regard to the same toll bridge as is the subject of controversy in this case, was made and the appeal taken therefrom to the Circuit Court previous to said repeal.

Whilst it plainly appears to have been the design and intention, when the privilege of establishing a toll bridge at the Caddo Gap Narrows was granted to the appellant by the county court, that it should extend through, and span the entire length of the narrows; yet if it was, as is alleged in the answer, found after repeated efforts, impracticable to build a bridge of that length that would withstand the force of the current, and he to carry out his contract with the county built a shorter bridge, and of inconsiderable length, and for the remainder of the way raised the ground with earth and rock, and by this means the passage through the narrows was made equally as safe and convenient, and answered the public want and necessity as well as if the bridge extended the whole way, as was originally intended, the essential purpose of the grant was accomplished, and the intention thereof, substantially, if not literally performed. Indeed, when it became apparent that a bridge all the way through the narrows, could not be kept up, it

CONTRA-CT: When substantial performance.

became the duty of the appellant to carry out the object of the grant or charter to him, by other available means; for, where the essential purpose of a contract can be accomplished, and the intention of the parties can be substantially, though not literally executed, such substantial performance, is required. *Bish. on Con.*, sec. 627; *White v. Mann*, 2 *Maine*, 361: *Williams v. Vanderbilt*, 28 *N. Y.*, 217. And so then, if the real object in view was completely attained and the interests of the public as fully subserved by the road, or the small bridge and the approach or approaches to it, constructed by the appellant, as they could have been if there had been a bridge extending all the way, there was not a misuser nor a non-user of the franchise.

The answer we think was sufficient, and the demurrer to it should have been overruled.

The judgment is reversed, and the cause remanded for further proceedings.